IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GEORGE WALLS,                                   06-CV-6025-BR

       Plaintiff,                          OPINION AND ORDER

v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

       Defendant.

**ALAN STUART GRAF**
Alan Stuart Graf, P.C.
P.O. Box 98
Summertown, TN 38483
(931) 964-3123

       Attorney for Plaintiff

**KARIN J. IMMERGUT**
United States Attorney
**BRITANNIA I. HOBBS**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2904
(503) 727-1053

1 - OPINION AND ORDER

**DAVID F. MORADO**
Regional Chief Counsel
**CAROL A. HOCH**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 901
Seattle, WA 98104-7075
(206) 615-2531

      Attorneys for Defendant

**BROWN, Judge.**

    This matter comes before the Court on Plaintiff's Unopposed Motion for Attorney Fees (#33) pursuant to 42 U.S.C. § 406(b). For the following reasons, the Court **GRANTS** Plaintiff's Motion.

## BACKGROUND

    On February 2, 2006, Plaintiff filed a Complaint in this Court in which he sought judicial review of a final decision of the Commissioner of the Social Security Commission denying Plaintiff's applications for disability insurance benefits (DIB) and supplemental security income payments (SSI) under Titles II and XVI of the Social Security Act.

    On November 15, 2006, this Court issued an Order reversing the Commissioner's decision and remanding the matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

2  -  OPINION AND ORDER

Based on the Stipulation of the parties, the Court entered an Order on November 30, 2006, in which it awarded $4,811.69 in attorneys' fees to Plaintiff pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.

On July 19, 2008, Plaintiff filed an Unopposed Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b) in which he seeks $15,891.62 in attorneys' fees for work performed in this matter before this Court less an offset of the $4,811.69 awarded under the EAJA.

## **STANDARDS**

Section 406(b) of the Social Security Act "controls fees for representation [of Social Security claimants] in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)(citing 20 C.F.R. § 404.1728(a)). Under § 406(b), "a court may allow 'a reasonable fee . . . not in excess of 25 percent of the . . . past-due benefits' awarded to the claimant." *Id*. at 795 (quoting 42 U.S.C. § 406(b)(1)(A)). Section 406(b) expressly requires any attorneys' fees awarded under that section to be payable "out of, and not in addition to, the amount of [the] past due benefits." 42 U.S.C. § 406(b)(1)(A). "[A]ny endeavor by the

claimant's attorney to gain more than that [statutory] fee, or to charge the claimant a non contingent [*sic*] fee, is a criminal offense."  *Id*. at 806-07 (citing 42 U.S.C. § 406(b)(2) and 20 C.F.R. § 404.1740©)(2)).

In *Gisbrecht,* the Supreme Court concluded § 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court."  535 U.S. at 807.  Section 406(b), however, requires the court first to "determine whether a fee agreement has been executed between the plaintiff and his attorney, and, if so, whether such agreement is reasonable."  *Garcia v. Astrue,* 500 F. Supp. 2d 1239, 1242 (C.D. Cal. 2007) (citing *Gisbrecht*, 535 U.S. at 807).  "Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits."  *Gisbrecht*, 535 U.S. at 807.  Even "[w]ithin the 25 percent boundary, [however,] . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."  *Id.*

## DISCUSSION

As noted, the Court must first determine whether Plaintiff and counsel have a contingent-fee agreement.  *See Gisbrecht*, 535

4  -  OPINION AND ORDER

U.S. at 808. Although Plaintiff does not provide the contingent-fee agreement or any particular provision, it is apparent from the record that such an agreement exists between Plaintiff and his counsel. Moreover, Defendant does not object to Plaintiff's Motion. For these reasons, the Court assumes a valid contingent-fee agreement "characteristic" in Social Security benefit cases exists between Plaintiff and his counsel. See id. at 807.

The Court also must determine whether the request for attorneys' fees is reasonable. Id. at 807. To determine whether a fee is reasonable, the Supreme Court identified a number of relevant factors a court may consider: the attorneys' risk of loss, "the character of the representation and the results . . . achieved," delay by counsel, and the amount of benefits "in comparison to the amount of time counsel spent on the case" to ensure that the award does not constitute a windfall to the plaintiff's counsel. Id. at 808. No single factor is dispositive. Id. The district court's decision with respect to a fee award "qualif[ies] for highly respectful review." Id.

Here Plaintiff requests attorneys' fees of $15,891.62 pursuant to the contingent-fee agreement between Plaintiff and his counsel. Plaintiff's counsel spent 29.7 hours at the

5 - OPINION AND ORDER

district-court level to secure a remand to the Commissioner for additional proceedings, which led to an award of past benefits to Plaintiff.  The Court, therefore, concludes on this record that Plaintiff's counsel provided competent, capable representation and did not cause any delay of Plaintiff's claim or receipt of benefits.

Plaintiff contends the requested fee is reasonable in light the ratio of the total fee to Plaintiff's award of benefits.  Plaintiff asserts the total fees sought in this matter amount to 24% of Plaintiff's award of past-due benefits, which is below the permitted statutory percentage.  As noted, Defendant does not dispute Plaintiff's assertion.

Plaintiff also asserts the hourly rate of $535.07 for his attorney is within the range of reasonable attorneys' fees awarded by district courts in Social Security contingent-fee cases.  *See, e.g.*, *Mellon v. Astrue*, No. C-06-0638 EMC, 2008 WL 512720, at *2 (N.D. Cal. February 25, 2008)(approved an effective hourly rate of $371.34 pursuant to a 25% contingent-fee agreement as to the plaintiff's past-due benefits); *Grunseich v. Barnhart*, 439 F. Supp. 2d 1032, 1034-35 (C.D. Cal. 2006)(approved an effective hourly rate of $600.00 for 7.55 hours for work

6  -   OPINION AND ORDER

pursuant to a 25% contingent-fee agreement as to the plaintiff's past-due benefits).

In addition, the Court takes into consideration the fact that counsel must take claims such as these on a contingency basis and that counsel bear the risk of not receiving any compensation for their work if they do not recover past-due benefits for their clients.  *See In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 199-1300 (9th Cir. 1994).

In light of these facts, the Court finds attorneys' fees of $15,891.62 is within the range of reasonable rates for contingent-fee agreements in Social Security cases based on the decisions of other district courts in this circuit, and, in the absence of objections by Defendant, the Court concludes the attorneys' fees requested by Plaintiff are reasonable under the circumstances.

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiff's Motion for Attorney Fees (#33) Pursuant to 42 U.S.C. § 406(b) in the amount of **$15,981.62**.  Pursuant to *Gisbrecht*, Plaintiff's counsel must

7  -   OPINION AND ORDER

refund to Plaintiff the lesser award of attorneys' fees granted by this Court on November 30, 2006, under the EAJA in the amount of **$4,811.69**.[1]

IT IS SO ORDERED.

DATED this 5th day of August, 2008.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

---

[1] Although the parties do not raise any issue concerning the timeliness of Plaintiff's Motion, the Court notes Federal Rule of Civil Procedure 60(b)(6) governs because § 406(b) does not provide a time limit for filing applications for attorneys' fees and Federal Rule 54(d)(2)(B) is not practical in the context of Social Security sentence-four remands. *See Massett v. Astrue*, 04-CV-1006 (Brown, J.)(issued June 30, 2008). *See also McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006). To ensure that applications for attorneys' fees under § 406(b) in future matters are timely, the Court advises such applications must be submitted within a reasonable time as required under Rule 60(b)(6), which this Court deems to be no more than 60 days from the issuance of the Notice of Award by the Commissioner.

8  -  OPINION AND ORDER